IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                              :

JAMES THOMPSON ET AL.            :          3:14 CV 259 (WWE)
                                              :
v.                                               :
                                              :
NATIONAL UNION FIRE INSURANCE  :
COMPANY OF PITTSBURGH, PA        :          AUGUST 11, 2015
---------------------------------------------------------x

## RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

The seventy-seven plaintiffs filed this diversity action on February 28, 2014 (Dkt. #1), followed by their First Amended Complaint, filed July 2, 2014 (Dkt. #25), which alleges breach of an insurance contract, in violation of CONN. GEN. STAT. § 38a-321.[1] Specifically, plaintiffs obtained a judgment in the Connecticut Superior Court against defendant's insured, Bluewater Energy Solutions, Inc. ["Bluewater"], related to the explosion at the Kleen Energy Plant in Middletown, Connecticut on February 7, 2012; the judgment was reached following a mediation with and recommendation by Connecticut Superior Court Judge Antonio Robaina. (Dkt. #25, Count One, ¶¶ 1-3, Exhs. A-B). Defendant does not contest that the Kleen Energy explosion was a "covered occurrence" under the $10 million General Liability coverage provision of the Policy, but has denied coverage on the ground that Policy Endorsement 7 excluded "any liability arising out of any project insured under a 'wrap-up' or any similar rating plan. . . ." (Id., ¶¶ 3-5, Exhs. B-C). Plaintiffs allege that neither the Policy itself nor Endorsement 7 contains any definition or clarification of "any project insured" under a "wrap-up" or "similar rating plan," such that would give notice to Bluewater or any policyholder that Endorsement 7 referred to a unified Contractor Controlled Insurance

---

[1]The First Amended Complaint (Dkt. #25) did not include plaintiffs' previous Count Two for negligence and breach of obligation of good faith and fair dealing, under CONN. GEN. STAT. § 38a-321; one plaintiff also voluntarily dismissed his claims. (See also Dkts. ##21-24).

Program ["CCIP"], in contrast to endorsements it has used in Georgia.  (Id., ¶¶ 6-7, Exh. D). As a result, plaintiffs allege breach of defendant's contract of insurance with Bluewater.  (Id., ¶¶ 8-11).  Defendant filed its Answer and Affirmative Defenses on July 22, 2014.  (Dkt. #31).

On October 1, 2014, defendant filed its Motion for Summary Judgment (Dkt. #36), which is pending before Senior U.S. District Judge Warren W. Eginton, the briefing for which will not be completed until defendant has complied with discovery. (See Dkts. ##37-38, 51-53, 55, 59).

On January 29, 2015, defendant filed its Motion for Protective Order or in the Alternative to Stay Discovery (Dkt. #41), in which it sought a protective order forbidding certain discovery from defendant concerning any forms submitted to the insurance commission of four specific states (as revised), its underwriting files, or its underwriting practices, as such requests were irrelevant, or alternatively, staying discovery pending resolution of the summary judgment motion.  (At 1-2; Brief at 3-16 & Exhs. A-D).  On February 23, 2015, U.S. Magistrate Judge Holly B. Fitzsimmons filed a ten-page ruling (Dkt. #44 ["February 2015 Discovery Ruling"]; see also Dkts. ##13, 43), in which she ordered defendant to respond to more narrowly tailored versions of Interrogatories Nos. 1, 4 and 6, and Requests for Production Nos. 1, 4, 6 and 10 (at 4-10), granted defendant's motion for protective order with respect to Interrogatory No. 12 and Requests for Production Nos. 7-9 (at 8-10), and denied its motion to stay discovery. (At 10; see also Dkts. ##47-50).

On July 1, 2015, defendant filed the pending Motion for Protective Order, or in the Alternative to Stay Discovery (Dkt. #54), in which it seeks a protective order regarding six deposition notices and document requests, which they argue are outside the scope of Judge Fitzsimmons' February 2015 Discovery Ruling, or alternatively, a stay of discovery pending

resolution of its pending summary judgment motion. (At 1-2; Brief at 6-11).[2] Twenty days later, plaintiffs filed their brief in opposition, arguing that defendant's response to the February 2105 Discovery Ruling was insufficient and that the five individuals "have authored, or contributed to" the documents previously produced by defendant. (At 1, 3-5). On August 3, 2015, defendant filed its reply brief, in which it argues that plaintiffs' objection is procedurally deficient, the extrinsic evidence sought is irrelevant, further discovery offends the case management rule and the Federal Rules, and defendant has provided 885 pages of production "in full compliance with" the February 2015 Discovery Ruling. (At 2-7).[3]

On July 22, 2015, the parties filed their Stipulated Protective Order, which was approved by Judge Eginton the same day. (Dkts. ##57-58). On August 4, 2015, Judge Eginton referred the pending motion to this Magistrate Judge. (Dkt. #61).

Defendant's pending motion (Dkt. #54) is <u>denied</u> to the extent that it seeks a stay of discovery, in that Judge Fitzsimmons <u>explicitly</u> denied that request in her February 2015 Discovery Ruling (at 1, 10) and Judge Eginton <u>implicitly</u> denied it by permitting plaintiffs thirty days from defendant's full compliance in order to file their brief in opposition to the summary judgment motion. (Dkt. #53).

As to the remainder of defendant's motion, the motion is <u>granted in part and denied in part as follows</u>: plaintiffs are entitled to depose defendant's Rule 30(b)(6) witness only with respect to the four topics for which Judge Fitzsimmons ordered discovery in the February 2015 Discovery Ruling, namely Interrogatories Nos. 1, 3 and 6 and the Requests

---

[2]Attached to defendant's brief are copies of plaintiffs' Notices of Deposition, all dated June 16, 2015, to defendant's Rule 30(b)(6) witness regarding Endorsement 7, to Ross Goldstein, to Craig DeFalco, to Victoria Kats, to Tom McCarter, and to Michael Redus.

[3]Copies of decisions are attached as Exhs. A-C.

for Production Nos. 1, 3, 6 and 10; **no** other depositions or other topics will be permitted.[4]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[5]

Dated at New Haven, Connecticut, this 11th day of August, 2015.


/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[4]If any counsel fails to abide by this ruling, then opposing counsel is free to file an appropriate Motion for Sanctions.  Counsel would be wise to tone down their rhetoric in future filings.

[5]If any counsel believes that a settlement conference before this Magistrate Judge would be productive, he should contact this Magistrate Judge's Chambers accordingly.