UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES THOMPSON, et al., | : | |
|    Plaintiffs, | : | |
| | : | |
| v. | : | 3:14-CV-00259-WWE |
| | : | |
| NATIONAL UNION FIRE INSURANCE | : | |
| COMPANY OF PITTSBURGH, PA., | : | |
|    Defendant. | : | |

## **MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

This is an insurance policy coverage dispute stemming from the February 7, 2010, Kleen Energy Systems power plant explosion in Middletown, Connecticut.

Plaintiffs are individuals and estates harmed by the blast. After obtaining judgment against subcontractor Bluewater Energy Systems, Inc., in the amount of $13.5 million, plaintiffs instituted this action to enforce Bluewater's claim of insurance coverage against defendant.

Defendant contends that (1) the commercial umbrella insurance policy it issued to Bluewater excluded coverage for "any liability arising out of any project insured under a 'wrap-up' or any similar rating plan;" and (2) the power plant project was insured under such a "wrap-up" plan. Plaintiffs respond that the term "wrap-up," not defined by the policy, is ambiguous and should be construed in favor of the insured.

Both sides have moved for summary judgment. For the following reasons, summary judgment will be granted in favor of plaintiffs.

1

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

### The Wrap-Up Exclusion

The parties agree that Georgia law applies to interpretation of the policy.

Defendant argues that plaintiffs are not entitled to indemnity under the commercial umbrella insurance policy issued to Bluewater, as Endorsement 7 to its policy clearly and unambiguously excludes coverage for plaintiffs' claims. Endorsement 7 provides, in relevant part:

> **"This insurance does not apply to . . . any liability arising out of any project insured under a 'wrap-up' or similar rating plan[.]"**

Defendant asserts that the Kleen Energy Systems Project was insured under a contractor controlled insurance program, which it contends is a type of "wrap-up" program.[1] Plaintiffs respond that there are multiple reasonable interpretations of Endorsement 7 that would allow for coverage in this case. Moreover, under the principle of *contra proferentem*, where the exclusion is drafted by the insurer, the operative language must be read strictly against the insurer and in favor of providing coverage. See Lunceford v. Peachtree Cas. Ins. Co., 495 S.E.2d 88, 90 (Ga. Ct. App. 1997) (holding that where a rational argument can be made that the contract language is ambiguous, courts apply "the longstanding rule that the interpretation which favors the insured prevails.").

The policy does not define "wrap-up" or "similar rating plan[.]" Nor does the policy define "insured under" or "project." Even if defendant's interpretation of the "wrap-up" language is the correct one, defendant had a duty to explain its definition to the insured so that the insured could understand the significant coverage limitation. See MAG Mut. Ins. Co. v. Gatewood, 367 S.E.2d 63, 67 (Ga. Ct. App. 1988). "Where the phrasing of an insurance policy is so confusing that an average policyholder cannot make out the boundaries of coverage, there is a genuine ambiguity." Georgia Baptist Children's Homes & Family Ministries, Inc. v. Essex Ins. Co., 427 S.E.2d 798, 800 (Ga. Ct. App. 1993).

> Moreover, in applying these rules, we have consistently held that an insurance contract is to be strictly construed against the insurer and in favor of the insured. Our courts have further held that the insurer, having affirmatively expressed coverage in broad promissory terms, has a duty to define any limitations or exclusions clearly and explicitly. In construing an insurance contract the test is not what the insurer intended its words to mean, but rather what a reasonable person in

---

[1] Contractor controlled insurance programs are centralized, project-specific insurance policies sponsored and overseen by the general contractor for the project.

> the insured's position would understand them to mean. Where such a provision is susceptible of two or more interpretations, the court will construe it most favorably to the insured.

Gatewood, 367 S.E.2d at 67.

Considering the insurance policy as a whole, defendant's exclusion for "liability arising out of any project insured under a 'wrap-up' or similar rating plan" is ambiguous. See Georgia Farm Bureau Mut. Ins. Co. v. Meyers, 548 S.E.2d 67, 69 (Ga. Ct. App. 2001) ("Ambiguity in an insurance contract is duplicity, indistinctiveness, uncertainty of meaning of expression, and words or phrases which cause uncertainty of meaning and may be fairly construed in more than one way."). The ambiguity is not resolved by extrinsic evidence of intent, as defendant's intent in drafting the language reflects neither the mutual intent of the parties nor the insured's reasonable expectations of coverage. Although insurance experts and attorneys may debate the contours of a "wrap-up or similar rating plan," the Court cannot find that a reasonable layperson in the insured's position would have understood and expected – based on the language of the contract – that liability was excluded under the instant circumstances. Moreover, insurance contracts must be construed most "strongly against the insurer and liberally in favor of the insured, particularly where the insurer seeks to deny coverage based on a policy exclusion." Id.[2]

Plaintiffs argue that defendant's proffered explanation of the term "wrap-up" would exclude any and all coverage for any project that has anything to do with any contractor controlled insurance program, regardless of the risk that was actually "insured under" the program, and regardless of whether the program provided only partial coverage to some of the project's participants. Such an interpretation is not consonant with a commercial umbrella insurance policy for a company that regularly works on construction projects. Nor does it

---

[2] In Meyers, the Court of Appeals of Georgia held that the trial court had properly construed the insurance contract to provide coverage in light of an ambiguous, and therefore inapplicable, exclusion in the policy.

4

construe the contract language most strongly against the insurer. Plaintiffs point out that Bluewater's partial contractor controlled insurance program did not provide coverage to all of the project's participants and did not provide property damage or "builders risk" coverage. If defendant wanted to exclude coverage for any project that "involves" a wrap-up or is "in any way" affiliated with a consolidated insurance program, it should have explicitly included such limitations and defined the term "wrap-up."

Plaintiffs also assert that the contractor controlled insurance program at issue has been exhausted, so that no coverage remains. Therefore, one reasonable interpretation of defendant's policy is that plaintiffs' remaining claims are not "insured under" the program, and Bluewater's umbrella coverage should kick in.

Finally, plaintiffs contend that defendant has failed to show that "wrap-up" has one peculiar meaning and cannot legitimately argue that "wrap-up" has one, unambiguous meaning when its own policies and witnesses define the term in a number of distinct ways. The Court agrees. Indeed, Georgia's statutory rules of interpretation dictate that, "[i]f the construction is doubtful, that which goes most strongly against the party executing the instrument or undertaking the obligation is generally to be preferred." OCGA § 13-2-2(5).

Defendant agrees that a matter of contract interpretation is submitted to a jury only if "an ambiguity remains after application of applicable rules of construction." Travelers Ins. Co. v. Blakey, 342 S.E.2d 308 (Ga. 1986) (describing as three-step procedure: determination if ambiguity exists; attempt to resolve ambiguity applying statutory rules of construction; and submission to jury absent resolution of ambiguity). Here, the ambiguity is resolved by Georgia's rules of construction, so submission to a jury is not appropriate.

> "The construction of a contract is a question of law for the court." OCGA § 13–2–1. Under the statutory rules of contract construction, if a contract is capable of being construed two ways, it will be construed against the preparer and in favor of the non-preparer. OCGA § 13–2–2(5). Since appellant prepared the 1979 lease extension, the trial court did not err in construing the contractual ambiguity in favor of appellee and in granting appellee's motion for summary judgment and dismissing appellant's complaint for specific performance.

Hertz Equipment Rental Corp. v. Evans, 397 S.E.2d 692 (Ga. 1990).

Construing the "wrap-up" provision most favorably to the insured and against the insurer, the Court finds that Endorsement 7 is ambiguous and does not act to exclude coverage. See Padgett v. Georgia Farm Bureau Mut. Ins. Co., 625 S.E.2d 76, 78 (Ga. Ct. App. 2005). Accordingly, summary judgment will be granted in plaintiffs' favor.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [ECF No. 36] is DENIED, and plaintiffs' motion for summary judgment [ECF No. 86] is GRANTED. The exclusion at issue in this case does not unambiguously void coverage for defendant's insured, and under the doctrine of *contra proferentem* and in accordance with the State of Georgia's rules of contract construction, the policy must be construed in a manner that affords coverage to the insured.

Dated this 6th day of April, 2017, at Bridgeport, Connecticut.

        /s/Warren W. Eginton
    WARREN W. EGINTON
    SENIOR UNITED STATES DISTRICT JUDGE